# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| KEVIN HUGH ALLONG, | : | |
| | : | |
| Petitioner | : | 1:10-cv-00045-JEJ |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| GOVERNMENT OF THE V.I. a/k/a PEOPLE OF THE VIRGIN ISLANDS, | : : : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM

### June 28, 2012

## I. INTRODUCTION

Before the Court in this action is Respondents' Second Motion to Dismiss Petitioner's Petition for Writ of Error *Coram Nobis*. (Doc. 49). The Motion has been fully briefed and is therefore ripe for our review. For the reasons articulated herein, the Court will grant the said Motion and the Petition shall be denied.

## II. PROCEDURAL HISTORY & STATEMENT OF FACTS

Petitioner Kevin Hugh Allong ("Mr. Allong" or "Petitioner") was charged with the crime of Accessory After the Fact to Murder, 14 V.I.C. § 12, on

1

September 17, 1991. Doc. 1 ¶ 10. Under the advice of his attorney ("Counsel"), Mr. Allong agreed to plead guilty and received a sentence of five (5) years imprisonment as part of a plea agreement with the Government of the Virgin Islands ("Government" or "Respondents"). *Id.* ¶¶ 10–13. Despite being a non-resident of the United States, Mr. Allong allegedly was never advised that he could be deported as a result of his guilty plea. *Id.* ¶¶ 12, 33.

Approximately five (5) years after Mr. Allong entered his plea, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), retroactively defining certain crimes, including Accessory After the Fact to Murder, as "aggravated felonies." *Id.* ¶¶ 18–20; Doc. 50 at 3–4. In November 2007, more than a decade after Mr. Allong completed his prison sentence, he was detained and subjected to deportation proceedings by United States Immigration and Customs Enforcement for having been convicted of an aggravated felony. *Id.* ¶ 31; Doc. 2 at 4.

Petitioner filed the instant action on June 14, 2010, alleging that he relied on the advice of Counsel when he pleaded guilty, and in doing so he was prejudiced by the advice, in as much as he was now facing deportation. *Id.* ¶ 13. Petitioner also alleges that because Counsel did not inform him that he could be deported as a consequence of pleading guilty, Petitioner was deprived of his constitutional right

to effective assistance of counsel, as that term is defined under the Sixth Amendment to the United States Constitution and related jurisprudence. Respondents subsequently filed the instant Second Motion to Dismiss.[1] (Doc. 49).

## III. STANDARD OF REVIEW

Through a writ of error *coram nobis*, a petitioner seeks to have a district court "vacate its judgment of conviction and sentence after the expiration of the full term of service." *United States v. Morgan*, 346 U.S. 502, 503 (1954). Ineffective assistance of counsel "constitutes a fundamental defect sufficient" to merit such a writ. *United States v. Babalola*, 248 F. App'x 409, 412 (3d Cir. 2007). Thus, a petitioner may have his conviction vacated by successfully arguing that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment.

In order to demonstrate ineffective assistance of counsel, a petitioner must establish: (1) that performance of counsel fell below an objective standard of reasonableness; and (2) the errors of counsel prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–692 (1984). The first prong of the *Strickland* test requires the petitioner to show that his counsel's performance was actually deficient. *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001). A court "deciding an

---

[1] Because the issues raised in Respondents' Second Motion to Dismiss are dispositive of this matter, their First Motion to Dismiss (Doc. 11) shall be dismissed as moot.

actual ineffectiveness claim must judge the reasonableness of the counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. Counsel's conduct presumptively "falls within the wide range of reasonable professional assistance." *Id.* at 689–90.

The second prong of the *Strickland* analysis requires the petitioner to show that the deficient performance prejudiced the petitioner to such a degree that there is doubt as to the accuracy of the trial or sentence. *Id.* at 693–94. Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Jermyn*, 266 F.3d at 282 (quoting *Strickland*, 466 U.S. at 693). A "reasonable probability," for the purposes of establishing prejudice, is "a probability sufficient to undermine confidence in the outcome." *Id.*

## IV. DISCUSSION

In the Motion, Respondents argue that because Petitioner's guilty plea did not subject Petitioner to possible deportation consequences *at the time the plea was entered* in 1991, Counsel's alleged failure to advise Petitioner of this potential consequence does not establish a constitutional violation of Petitioner's right to effective assistance. For the reasons that follow, we agree.

In *Padilla v. Kentucky*, the United States Supreme Court held that non-resident defendants must be advised by their counsel of potential deportation consequences of a guilty plea. 130 S. Ct. 1473 (2010). The crux of Petitioner's argument is that the Third Circuit's holding in *United States v. Orocio*[2] made the holding of *Padilla* retroactive, such that the duty to advise about potential deportation consequences has always been a "basic dut[y]" of counsel. 645 F.3d 630, 639 (3d Cir. 2011) (quoting *Strickland*, 466 U.S. at 656). We disagree with the Petitioner's assessment of the holding of *Orocio*. Rather, we find that *Orocio* only requires that Counsel should have advised Mr. Allong, as a non-resident defendant, of the "risk of deportation" that *existed at the time* of his guilty plea. *Padilla*, 130 S. Ct. at 1487; *Orocio*, 645 F.3d at 640. Not doing so would give rise to a colorable *Strickland* claim under the retroactive application of *Padilla* through *Orocio*.

Mr. Allong's guilty plea occurred in 1991, approximately five years before Accessory After the Fact to Murder was retroactively classified as an "aggravated

---

[2]In *Orocio*, the Third Circuit held that counsel's duty to advise defendants of potential deportation consequences to pleading guilty is an "old rule" under the *Teague* retroactivity analysis. *See Teague v. Lane*, 489 U.S. 288 (1989). Because counsel's duty to advise of deportation consequences under *Padilla* is an "old rule," Mr. Orocio was "entitled to invoke the protection of *Padilla* [through a writ of error *coram nobis*] even though his conviction had achieved finality and his sentence was fully served prior to [the ruling in] *Padilla*." *Orocio*, 645 F.3d at 637.

felony" with deportation consequences. The applicability of the holding in *Orocio* cannot be expected to reach back beyond the date the IRRIRA was enacted, when Mr. Allong did not face deportation consequences for his guilty plea. Counsel's inability to predict changes in federal law five years in advance does not constitute conduct falling outside the "wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689–90, nor does it violate the *Padilla* jurisprudence.[3]

Because we find that Mr. Allong cannot satisfy the first prong of the *Strickland* test by showing that Counsel's advice was outside the range of objectively reasonable assistance, we shall grant Respondents' Second Motion to Dismiss Petitioner's Writ of Error *Coram Nobis*.

## V. CONCLUSION

For the reasons stated above, we shall grant Respondents' Second Motion to Dismiss and deny Petitioner's Petition for Writ of Error *Coram Nobis*. An appropriate Order shall issue.

---

[3] Petitioner alternatively argues that at the time of his guilty plea he was deportable under 8 U.S.C. § 1101(43)(S) for obstruction of justice. This argument suffers the same fate as the IRRIRA argument because 8 U.S.C. § 1101(43)(S) also did not come into existence until 1996.